AO 93C (08/18) Warrant by Telephone or Other Reliable Electronic Means        ☐ Original        ☐ Duplicate Original

# UNITED STATES DISTRICT COURT
for the
District of Arizona

In the Matter of the Search of )
*(Briefly describe the property to be searched* )
*or identify the person by name and address)* )   Case No. 22-5031MB
1231 East Deuce of Clubs )
Show Low, AZ 85901 )
)
)

## WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

To:   Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search and seizure of the following person or property located in the _____ District of _____Arizona_____
*(identify the person or describe the property to be searched and give its location)*:

See Attachment A-1

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property described above, and that such search will reveal *(identify the person or describe the property to be seized)*:

See Attachment B

**YOU ARE COMMANDED** to execute this warrant on or before  1/27/22  *(not to exceed 14 days)*
☑ in the daytime 6:00 a.m. to 10:00 p.m.    ☐ at any time in the day or night because good cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to  _the duty magistrate judge in the Phoenix Division_  .
*(United States Magistrate Judge)*

☐ Pursuant to 18 U.S.C. § 3103a(b), I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)*
☐ for _____ days *(not to exceed 30)*    ☐ until, the facts justifying, the later specific date of _____.

Date and time issued:  Jan. 13, 2022 @ 3:53pm    _____Deborah M. Fine_____
                                                                                              *Judge's signature*

City and state:  Phoenix, Arizona    Hon. Deborah M. Fine, U.S. Magistrate Judge
                                                                      *Printed name and title*

UNITED STATES DISTRICT COURT
DISTRICT OF ARIZONA

## ATTACHMENT A-1
## LOCATIONS TO BE SEARCHED

1231 EAST DEUCE OF CLUBS, SHOW LOW, ARIZONA 85901

The CATTLEMENS STEAKHOUSE AND LOUNGE restaurant location. The building is a one-story tan building with a green metal roof. There is a sign in front of the building and a mural above the front door identifying it as CATTLEMENS STEAKHOUSE AND LOUNGE. The address numbers 1231 are displayed vertically next to the front door. The main parking lot is on the east side of the building on the corner of Deuce of Clubs and Highway 260. Adjacent to the restaurant building on the same property separated by an outdoor passthrough is a one-bedroom house. This house is part of the premises and used as an office and storage area for the restaurant business. There is a storage unit behind the house that is used by the restaurant for storage. The west side of the restaurant is attached to an unrelated building, but there is no internal access between the buildings.

Front View from main parking lot:



Page 1 of 3

UNITED STATES DISTRICT COURT
DISTRICT OF ARIZONA

Aerial View:





Restaurant
Storage
House

Rear View:



View from Deuce of Clubs:



# ATTACHMENT B
# ITEMS TO BE SEIZED

All records relating to violations of 26 U.S.C. § 7206(1) (false tax return) and § 7201 (tax evasion) for the tax years 2016 through 2020, those violations occurring after January 1, 2016, and involving TIFFANY and/or TIMOTHY CYWINSKI and any associates or any entity related to the CYWINSKIS including the following:

   a) CATTLEMEN'S RESTAURANT AND LOUNGE, LLC
   b) WHITE MOUNTAIN RESTAURANT PROPERTIES, LLC
   c) CYWINSKI REVOKABLE TRUST
   d) TNT CAPITAL, LLC
   e) TNT COOLEY 861, LLC
   f) TNT INVESTORS, LLC
   g) TNT PARKINSON, LLC
   h) TNT SAVAGE, LLC
   i) TNT SPECIALTIES, LLC

Records to include the following:

1) Financial and accounting records related to any of the above named individuals or entities, including journals, ledgers, accounts receivable, accounts payable, records of income and expenses, financial statements, balance sheets and income and expense journals, debit and credit memos, cashier's checks, money orders, credit card statements, wire transfers, merchant credit card accounts, sales orders, sales confirmations and verification, invoices, correspondence, records of cash transactions, checks, money orders, credit card receipts and similar documents reflecting receipts and disbursements of funds; documents and materials which identify persons and entities who conduct business or trade, and any other material documenting the income and expenses of any of the above individuals or entities;

2) Tax records, including federal income tax returns, federal employment tax returns, supporting workpapers and related documents used to prepare the tax returns, Forms 1099, Forms W-2, any other IRS forms, IRS correspondence, IRS notices, IRS liens or levies, records of state income, employment and sales tax paid and income, employment and sales tax returns filed with the Arizona Department of Economic Security or Arizona Department of Revenue and all related documents;

3) All employment or payroll records to include records disclosing the dates of employment, wages or commissions paid, checks used for any payments to all employees. Employees Withholding Exemption Certificate (Form W-4), Wage and Tax Statements (Forms W-2) disclosing annual wages, U.S. Information Returns (Forms 1099) disclosing fees, commissions, etc. paid, all background records including applications for employment, personnel files, credit checks, background

investigations, etc.;

4) Records reflecting any domestic or offshore banking or investing activity, including ledgers, applications, bank statements, deposit tickets, deposit receipts, currency, withdrawal slips, cancelled checks, check stubs or registers, bank checks, copies of cashier's checks, wire transfers, money orders, statements of accounts, certificates of deposit, broker accounts, notes receivable, notes payable, stock certificates, account statements, interest and dividend reports, account activity reports, safe deposit box records, and correspondence;

5) Records relating to loan and/or mortgage documents including applications, financial statements, loan collateral, credit and background investigations, loan agreements, notes or mortgages, settlement sheets, contracts, checks issued for loans, repayment records, including records revealing the date, amount and method of repayment, records of any liens and loan correspondence;

6) Records relating to the formation, transfer, filing, ownership or any other activity recordings concerning any corporations, partnerships, trusts or other business entities listed above or which the above named individuals or entities have an interest;

7) Records relating to the purchase, sale, lease or ownership of real property, including any rental agreements or any other documentation related to the rental of or by any of the above named individuals or entities, the purchase, lease or ownership of vehicles or any other significant assets;

8) Point of sale (POS) data files, all past and present versions of POS software, all supported and unsupported versions of the POS software, any and all encryption keys, license keys, product keys, activation keys, hardware keys, passwords, account login information and manuals, POS data including archive and backup copies, client passwords and account login information, encryption keys and other solutions to security measures;

9) For any computer or storage medium whose seizure is otherwise authorized by this warrant, and any computer or storage medium that contains or in which is stored records or information that is otherwise called for by this warrant (hereinafter, "COMPUTER"):

   a. evidence of who used, owned, or controlled the COMPUTER at the time the things described in this warrant were created, edited, or deleted, such as logs, registry entries, configuration files, saved usernames and passwords, documents, browsing history, user profiles, email, email contacts, "chat," instant messaging logs, photographs, and correspondence;

b. evidence of software that would allow others to control the COMPUTER, such as viruses, Trojan horses, and other forms of malicious software, as well as evidence of the presence or absence of security software designed to detect malicious software;

c. evidence of the lack of such malicious software;

d. evidence indicating how and when the computer was accessed or used to determine the chronological context of computer access, use, and events relating to crime under investigation and to the computer user;

e. evidence indicating the computer user's state of mind as it relates to the crime under investigation;

f. evidence of the attachment to the COMPUTER of other storage devices or similar containers for electronic evidence;

g. evidence of counter-forensic programs (and associated data) that are designed to eliminate data from the COMPUTER;

h. evidence of the times the COMPUTER was used;

i. passwords, encryption keys, and other access devices that may be necessary to access the COMPUTER;

j. documentation and manuals that may be necessary to access the COMPUTER or to conduct a forensic examination of the COMPUTER;

k. records of or information about Internet Protocol addresses used by the COMPUTER;

l. records of or information about the COMPUTER's Internet activity, including firewall logs, caches, browser history and cookies, "bookmarked" or "favorite" web pages, search terms that the user entered into any Internet search engine, and records of user-typed web addresses;

m. contextual information necessary to understand the evidence described in this attachment.

As used above, the terms "records" and "information" includes all forms of creation or storage, including any form of computer or electronic storage (such as hard disks or other media that can store data); any handmade form (such as writing); any mechanical form (such as printing or typing); and any photographic form (such as microfilm, microfiche, prints, slides, negatives, videotapes, motion pictures, or photocopies).

The term "computer" includes all types of electronic, magnetic, optical, electrochemical, or other high speed data processing devices performing logical,

arithmetic, or storage functions, including desktop computers, notebook computers, mobile phones, tablets, server computers, and network hardware.

The term "storage medium" includes any physical object upon which computer data can be recorded. Examples include hard disks, RAM, floppy disks, flash memory, CD-ROMs, and other magnetic or optical media.